STATE OF NEBRASKA, APPELLEE, V. JOHN MICHAEL
MCFARLAND, APPELLANT.

234 N. W. 2d 204

Filed October 23, 1975.   No. 40011.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

The appellant was charged with petty larceny. It was alleged that he had stolen a roll of speaker wire from Richman-Gordman, on September 18, 1974. He was tried in the municipal court of Omaha, Nebraska. At the conclusion of the evidence for the prosecution, appellant moved for dismissal of the charge for the reason that the evidence was insufficient to establish said charge. The motion was overruled, appellant offered no further evidence, and sentence was imposed. An appeal was taken to the District Court for Douglas County and the judgment of the municipal court was affirmed. This appeal followed. We reverse.

Evidence was taken from one witness, Kevin P. Nelson, security officer for Richman-Gordman. Nelson testified that he saw appellant in possession of a roll of speaker wire which appellant placed in a hip pocket. The wire was similar to other rolls offered for sale in the hardware department of that store, but Nelson had not seen

appellant in the hardware department and did not know how he came into possession of the wire. The roll did not have a Richman-Gordman tag at the time it was taken from appellant. No other evidence was given on the subject of the taking or the ownership of the property.

It is an essential element of the crime of larceny that the State must establish beyond a reasonable doubt that the accused took property from the owner thereof. The evidence previously summarized is completely insufficient to show a taking by the accused, either directly or circumstantially, or to establish that the roll of wire was the property of Richman-Gordman. Appellant's motion to dismiss should have been sustained.

The order of the District Court is reversed and the charge against appellant is ordered to be dismissed.

REVERSED AND DISMISSED.