STATE OF NEBRASKA, APPELLEE, V. CHARLES W. JAWORSKI, APPELLANT.

234 N. W. 2d 221

Filed October 30, 1975.   No. 40048.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a probation revocation proceeding in which the District Court found the defendant guilty of violation of probation and sentenced him to 3 years imprisonment on the original charge of burglary. The defendant contends that the District Judge did not state in writing the reasons for his determination that the probation was to be revoked and did not state in writing the evidence relied upon in making the finding that a condition of probation had been violated.

The relevant facts here are that on October 24, 1974, after a plea of guilty to a charge of burglary, the defendant was sentenced to 3 years probation by the Douglas County District Court. The first condition of his probation was that he refrain from unlawful conduct. On November 7, 1974, the defendant was charged with violating that condition of his probation by receiving or buying stolen automobile stereo equipment on October 31, 1974, knowing it to have been stolen. On January 2, 1975, after written notice of that charge to the defendant, the District Court held a probation revocation hearing. The defendant was represented by counsel and evidence from both parties was introduced and received. The District Court made a written finding "by clear and convincing evidence that defendant is guilty of violation of probation," adjudged him guilty, and deferred sentence. On January 21, 1975, probation was revoked pursuant to the findings. Thereafter the defendant was sentenced to 3 years imprisonment on the original charge of burglary.

The defendant contends that the probation revocation proceedings, which were conducted under sections 29-2266 to 29-2268, R. S. Supp., 1974, fail to comply with the procedural requirements set out in Morrissey v. Brewer, 408 U. S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484, and Gagnon v. Scarpelli, 411 U. S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656. The basis for the contention is that the District Court did not make a written statement as to the evidence relied on and the reasons for revoking probation. The defendant tacitly concedes that all the other procedural and due process requirements laid down by the Supreme Court of the United States in Morrissey and Gagnon were met by the proceedings here under the Nebraska Probation Administration Act.

Morrissey and Gagnon were applied to a form of administrative hearing. They did not directly deal with judicial probation and judicial revocation as provided for in the Nebraska Probation Administration Act. They

were not intended to be applied as a constitutional straitjacket to "create an inflexible structure" for probation revocation procedures. They require that a probationer, before revocation, be afforded certain due process rights, one of which is "a written statement by the judicial officer conducting the final hearing as to the evidence relied on and the reasons for revoking probation." The Morrissey and Gagnon requirement of a written statement does not fit the pattern of a judicial hearing in a court of record where proceedings, findings, and judgments are recorded and subject to appellate review. The differences are further emphasized where a specific charge or information is filed by a prosecutor, and the defendant is represented by counsel. It would be strange indeed if the formal requirements of fact finding and determination of guilt were to be more strict at a probation revocation hearing than at an original criminal trial. Judicial opinions in other states support this view. See, People v. Scott, 34 Cal. App. 3d 702, 110 Cal. Rptr. 402; State v. Moreno, 21 Ariz. App. 462, 520 P. 2d 1139; Singletary v. State, 290 So. 2d 116 (Fla. App.).

The defendant attempts to rely upon the fact that the evidence in the record might support two additional charges of violation of probation. One involved a drug offense and the other involved an arrest on a felony charge which was later dismissed. The defendant overlooks the fact that only one charge of probation violation was made in the information and that charge involved the receiving of stolen property. Where there is only one specific charge of violation of probation in the motion or information to revoke, a proper finding of guilt can only be based upon that charge. It might have been more complete and accurate if the findings here had been that the defendant was guilty of the violation of probation "as charged," and that the violation was established by clear and convincing evidence in the record. Good practice under the Nebraska Probation

Administration Act dictates that the trial court's order of its findings, reasons, and conclusions should be reasonably detailed and precise. Nevertheless, the written findings and orders here complied with the spirit of Morrissey and Gagnon. The trial courts should take additional care with the written findings where there are multiple charges of acts constituting violations of conditions of probation in order to make sure that findings are made for each specific charge.

Neither the Nebraska Probation Administration Act nor Morrissey or Gagnon require the District Court to specify which exhibits or which witnesses were relied upon for its written findings. In its written findings and judgment in the record the court need only refer to the evidence in the record.

There was clear and convincing evidence in this record to establish that the defendant was guilty of receiving stolen property on October 31, 1974, which constituted a violation of probation as charged.

The judgment is affirmed.

AFFIRMED.