STATE OF NEBRASKA, APPELLEE, v. JOHN M. McFARLAND, APPELLANT.

238 N. W. 2d 237

Filed February 5, 1976. No. 40177.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCown, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an appeal from an order revoking the defendant's probation. After pleading nolo contendere to burglary, the defendant was placed on probation for 2 years on February 27, 1974.

On January 14, 1975, a notice of violation of probation was served on the defendant. The notice fixed January 16, 1975, as the date for a preliminary hearing in the county court. A preliminary hearing was held on that date and the defendant was bound over. An information was filed in the District Court on January 17, 1975.

After an evidentiary hearing in the District Court the defendant was found guilty of violation of probation and his probation was revoked. On April 29, 1975, the defendant was sentenced to imprisonment for 3 to 9 years. The defendant has appealed.

The violation of probation charge arose out of an incident at a Richman Gordman store in Omaha, Nebraska, on September 28, 1974. A security officer at the store arrested the defendant for shoplifting. The police were called and took the defendant into custody at about 12:45 p.m. The police noticed a strong odor of marijuana about the person of the defendant. The defendant stated that he had an automobile in the parking lot. On the way to the police cruiser, the defendant and the officer went to the defendant's automobile to see if it had anything of value in it. When they arrived at the automobile the officer looked through the window and saw a bottle of white pills in a plastic waste basket on the floor of the automobile.

The officer then unlocked the automobile with a key taken from the defendant and searched it. In addition to the 55 pills, which proved to be amphetamine tablets, 16 packets of marijuana, 10 capsules of valium, and 6 plastic syringes were found in the automobile. Sub-

sequent investigation disclosed that the automobile was a stolen automobile.

The State alleged that the defendant had violated his probation by having unlawful possession of marijuana with intent to deliver, unlawful possession of amphetamines, and by committing petit larceny. At the time of the hearing in the District Court the defendant had been convicted of petit larceny as a result of the incident on September 28, 1974. The case, however, was then pending in this court on appeal and that charge was not considered by the trial court. The judgment in the petit larceny case was later reversed in State v. McFarland, 194 Neb. 569, 234 N. W. 2d 204, and the prosecution dismissed.

The defendant's principal contention on this appeal involves the search of the defendant's automobile following his arrest and before he was taken to police headquarters. The defendant contends the search was illegal and the evidence discovered during the search should have been suppressed and not considered at the probation revocation hearing. There are several reasons why we believe there is no merit in this contention.

There was no motion to suppress filed in this case. In addition to being charged with violation of probation the defendant was separately charged with unlawful possession of marijuana and amphetamines. Motions to suppress were filed in the other cases and counsel agreed that the hearing in this case could be combined with the hearings on the motions to suppress filed in the other cases.

After the defendant had been taken into custody by the police, the officer had a duty to make sure that no property of value was left unprotected in the defendant's automobile. The defendant said that he had been living out of the car for a couple of weeks and there was clothing and some kittens in the car. The strong odor of marijuana about the defendant's person was an indication that it was probable there was marijuana in the

automobile. When the officer arrived at the automobile, the amphetamine tablets were in plain sight. When the officer opened the door to the car, there was a strong odor of marijuana in the automobile. The defendant did not want the car towed away but planned to have some friends pick it up.

At the hearing the defendant testified he had no knowledge of the drugs in the car; they were not his property; and he did not know who put them in the car.

Perhaps the most important circumstance is the fact that the automobile was a stolen car. The evidence established the automobile belonged to another person and the defendant had been using it without permission. We believe the correct rule to be that the thief has no "legitimate interest of any kind" in a stolen automobile and does not have standing to challenge a search of the automobile. See, Brown v. United States, 411 U. S. 223, 93 S. Ct. 1565, 36 L. Ed. 2d 208; Palmer v. State, 14 Md. App. 159, 286 A. 2d 572.

The defendant also complains that he was denied a speedy preliminary hearing and a speedy final probation revocation hearing before a neutral and detached hearing officer in violation of the rules set out in Morrissey v. Brewer, 408 U. S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484; and Gagnon v. Scarpelli, 411 U. S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656. These objections, which are raised for the first time in this court, have no merit.

The claim that the trial court was not a neutral and detached hearing officer is based on several statements made by the judge at a hearing on April 10, 1975, on a motion to release the defendant on his own recognizance. At that hearing the trial court observed that the defendant had been convicted of burglary; while on probation had "committed another two crimes"; and the defendant was "no sweet pea." The further discussion that ensued demonstrates that the trial court was merely stating that a convicted burglar who has been charged

with two additional crimes while on probation is not a good risk for release upon a personal recognizance.

With respect to the revocation hearing in District Court on April 11, 1975, it is clear that the hearing was held within the probation period. The defendant was given credit on his sentence for all jail time except the 30-day sentence for petit larceny. There is no evidence of any prejudice to the defendant because of the delay that intervened between the filing of the charge and the final hearing. Under the circumstances of this case we believe the contention is without merit.

Since the revocation hearings were judicial proceedings, a written statement as to the evidence relied on and the reasons for revoking probation was not required. State v. Jaworski, 194 Neb. 645, 234 N. W. 2d 221.

A further review of the evidence is unnecessary. It was sufficient for the trial court to conclude that the defendant's violation of his probation had been established by evidence that was clear and convincing.

The judgment of the District Court is affirmed.

AFFIRMED.

McCOWN, J., concurs in the result.