[No. A043545. First Dist., Div. Five. Aug. 24, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
GREGORY DARNELL MOSS, Defendant and Appellant.

**COUNSEL**

Patricia L. Watkins, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John H. Sugiyama, Assistant Attorney General, and Aileen Bunney, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**KING, J.**—In this case we hold that a reporter's transcript of a court's oral statement of reasons for revoking probation satisfies the due process requirement of a written statement as to the evidence relied on and the reasons for revocation. Gregory Darnell Moss appeals from a judgment revoking probation. We affirm.

An affidavit seeking revocation of Moss's probation (which he had received for two prior drug offenses) specified two "counts" in support of revocation. The first was the failure to surrender for service of a jail sentence, and the second was a theft from a department store. At the revocation hearing the court said it found no violation as to the first count but, "As to count II, it's clear to this court that the violation has occurred and I will sustain the affidavit . . . ." The court revoked probation and reinstated a suspended three-year prison sentence.

██ A probationer for whom revocation of probation is sought is entitled to certain procedural safeguards, including "written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; *and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation.* [Citation.]" (*Black* v. *Romano* (1985) 471 U.S. 606, 612 [85 L.Ed.2d 636, 643, 105 S.Ct. 2254], italics added, citing *Gagnon* v. *Scarpelli* (1973) 411 U.S. 778, 786 [36 L.Ed.2d 656, 664, 93 S.Ct. 1756] and *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 489 [33 L.Ed.2d 484, 499, 92 S.Ct. 2593].) ██ Moss

contends he was denied a written statement of evidence and reasons. The court issued no formal written statement; the question is whether the transcript of the oral proceedings satisfies the requirement of a writing.

This question was answered affirmatively in *People* v. *Scott* (1973) 34 Cal.App.3d 702, 708 [110 Cal.Rptr. 402], in which the court held that "in a proceeding for revocation of probation the making of written findings of fact is not an indispensable concomitant of due process if there is a substantially equivalent substitute therefor, such as appears from the official reporter's transcript of the oral proceedings in the case at bench . . . ." (Accord, *People* v. *Ruiz* (1975) 53 Cal.App.3d 715, 717-718 [125 Cal.Rptr. 886]; *People* v. *Hawkins* (1975) 44 Cal.App.3d 958, 967-968 [119 Cal.Rptr. 54]; *People* v. *Baker* (1974) 38 Cal.App.3d 625, 630 [113 Cal.Rptr. 244].)

The same holding appears in *U.S.* v. *Yancey* (7th Cir. 1987) 827 F.2d 83, 89, which explained, "The basis for requiring a written statement of facts is to ensure accurate fact finding and to provide 'an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence.' *Black* v. *Romano,* 471 U.S. 606, 613-14, 105 S.Ct. 2254, 2259, 85 L.Ed.2d 636 (1985). We find that these goals are satisfied when the oral findings in the transcript enable a reviewing court to determine the basis of the judge's decision to revoke probation." (*Ibid.*; accord, *Morishita* v. *Morris* (10th Cir. 1983) 702 F.2d 207, 209-210.)

One decision is contrary: the court in *United States* v. *Smith* (8th Cir. 1985) 767 F.2d 521, 524, said that a transcript of oral proceedings does not satisfy the requirement of a writing. That assertion was a dictum, however, since the trial judge had not made even an oral statement of evidence or reasons, and hence the appellate court was unable to determine the basis of the decision to revoke probation. (*Id.* at pp. 522, 524.)

No published California decision has yet deviated from *People* v. *Scott, supra,* 34 Cal.App.3d 702, and we decline to do so here, for the reasons expressed in *U. S.* v. *Yancey, supra,* 827 F.2d 83. If the reporter's transcript of probation revocation proceedings contains a statement of evidence and reasons that permits full appellate review as to the propriety of revocation, it cannot reasonably be said that the absence of a formal written statement has deprived the defendant of due process.

Here, the reporter's transcript clearly indicates that the reason for revocation was the department store theft ("I will sustain the affidavit as to count II"). Moss's claim that the court "failed to articulate any reasons" is thus meritless. The transcript reveals the basis of the court's decision, and

Moss does not contend the decision was unsupported by the evidence or was flawed in any other respect.

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.