STATE OF NEBRASKA, APPELLEE, V. JOHN W. YELLI, APPELLANT.

524 N.W.2d 353

Filed November 8, 1994. No. A-94-206.

John Jedlicka, Holt County Public Defender, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

CONNOLLY, IRWIN, and MILLER-LERMAN, Judges.

CONNOLLY, Judge.

John W. Yelli appeals his convictions for criminal nonsupport on the grounds that the trial court erroneously admitted evidence in the form of records from past paternity cases, in which Yelli was adjudged to be the father of the two children in question and ordered to pay child support. Yelli argues that those prior adjudications should not have been admitted into evidence because he was not afforded his constitutional right to counsel in those prior proceedings. We reverse and vacate Yelli's convictions. The records of the prior

paternity adjudications should not have been admitted as evidence to establish his paternity in this criminal nonsupport action because the records of the prior adjudications do not affirmatively show that Yelli was informed of his right to counsel, that Yelli had counsel, or that Yelli waived counsel.

## I. BACKGROUND

John W. Yelli was convicted by a jury on two charges of criminal nonsupport, a Class IV felony. The first charge arose from a December 27, 1988, order of the Holt County District Court in State ex rel. Beauchamp v. Yelli, case No. 18619, in which Yelli was adjudicated the father of and ordered to pay support for his alleged son, DeWayne Beauchamp. The second charge also arose from an order of the Holt County District Court, in State ex rel. Sobotka v. Yelli, case No. 18763, filed April 7, 1989, in which Yelli was adjudicated the father of and ordered to pay support for his alleged daughter, Christina R. Sobotka. Both of the above-referenced cases were State-initiated paternity actions.

Charges were filed in the instant case because Yelli failed to meet his child support payment obligations, in violation of Neb. Rev. Stat. § 28-706 (Reissue 1989). The child support payments at issue in the instant case arose from the above-mentioned Holt County District Court adjudications. Yelli filed a motion in limine, seeking to prohibit the State from introducing into evidence any records of those adjudications. As the basis for his motion in limine, Yelli argued that the court in the prior adjudications failed to offer him appointed counsel and that he never waived his constitutional right to counsel. Therefore, Yelli contends, the orders issued in those cases were unconstitutional, and any records of those proceedings should not have been admissible in the instant case. After a hearing on the motion in limine, the trial court denied the motion.

At trial, the mother of each child testified that Yelli was the father of her respective child. The State introduced the records from the prior paternity adjudications into evidence during the testimony of the mothers, over Yelli's objections. The jury was allowed to consider all the evidence and returned a verdict of guilty on both counts.

## II. ASSIGNMENT OF ERROR

Yelli's only assignment of error is that the trial court erred in admitting evidence from the prior paternity adjudications, where Yelli did not have counsel and did not waive his right to counsel.

## III. STANDARD OF REVIEW

A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict. Moreover, on such a claim, an appellate court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. *State v. Dyer*, 245 Neb. 385, 513 N.W.2d 316 (1994); *State v. Cook*, 244 Neb. 751, 509 N.W.2d 200 (1993); *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993). Regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *State v. Roche, Inc.*, 246 Neb. 568, 520 N.W.2d 539 (1994); *White, supra.*

## IV. ANALYSIS

Yelli complains that the records of the prior paternity adjudications, in which Yelli was found to be the father of the children in question and ordered to pay child support, should not have been admitted into evidence in the instant case because Yelli was not afforded counsel and did not waive his right to counsel in those prior adjudications.

As the primary basis of support for his argument, Yelli cites *Carroll v. Moore*, 228 Neb. 561, 423 N.W.2d 757 (1988), *cert. denied* 488 U.S. 1019, 109 S. Ct. 817, 102 L. Ed. 2d 807 (1989). *Carroll* was a paternity action in which the defendant, the purported father of the child in question, was denied counsel in spite of his indigent status. The Nebraska Supreme Court in *Carroll* held that "due process requires that an *indigent* defendant has an absolute right to court-appointed counsel in state-initiated paternity proceedings." (Emphasis supplied.) 228 Neb. at 579, 423 N.W.2d at 767. In the instant case, Yelli argues that *Carroll* mandates a finding that the prior State-initiated paternity adjudications involving Yelli were unconstitutionally decided and, therefore, that the records of

those adjudications should be inadmissible in the present action.

Yelli is correct inasmuch as he argues that *Carroll* directs that indigent defendants must be afforded court-appointed counsel in State-initiated paternity adjudications. However, Yelli's arguments require us to determine two additional issues. First, we must decide whether the trial court in the prior paternity adjudications had a duty to affirmatively show on the record that Yelli was informed of his *Carroll* rights. Second, we must decide whether the validity of a paternity adjudication can be attacked in a subsequent criminal nonsupport proceeding.

### 1. TRIAL COURT'S DUTY TO INFORM DEFENDANT OF *CARROLL* RIGHTS

In the case at bar, there is nothing in the record indicating that Yelli was indigent, and thus entitled to court-appointed counsel under *Carroll*, at the time of the prior paternity adjudications. Yelli argues that in paternity adjudications, the trial court has a duty to make a determination regarding the defendant's indigent status on the record and to determine whether counsel should be appointed for him. Yelli points to *Kennedy v. Wood*, 439 N.E.2d 1367 (Ind. App. 1982), which was relied on by the *Carroll* court for the following proposition:

> [T]he due process clause demands not only the appointment of counsel for *all* indigent paternity defendants, but also that "[b]ecause this right would be meaningless if such a defendant did not know of the right, we further hold that the court must advise the paternity defendant in this situation of his right to appointed counsel if he is indigent."

*Carroll*, 228 Neb. at 572, 423 N.W.2d at 763-64.

Yelli argues that the cited language supports his contention that an indigent defendant's absolute right to counsel in State-initiated paternity actions is insignificant unless the defendant is advised of his right to counsel. We agree. In order to make the right to counsel mandated by *Carroll* meaningful, we hold that in a State-initiated paternity adjudication, the trial court must make an initial determination regarding whether the defendant is indigent and whether

counsel should be appointed for the defendant. See, *Kennedy, supra; Rees v. Heimberger*, 60 Ohio App. 3d 45, 573 N.E.2d 189 (1989), *cert. denied* 494 U.S. 1088, 110 S. Ct. 1827, 108 L. Ed. 2d 956 (1990); *Rodriguez v. Rodriguez*, 410 Pa. Super. 549, 600 A.2d 589 (1991). The records of the prior paternity actions in this case reflect that the trial court in each case did not make any determination regarding Yelli's indigent status. Therefore, the trial court in each case failed to properly inform Yelli of his right to counsel under *Carroll*.

## 2. ATTACKS ON VALIDITY OF PRIOR PATERNITY ADJUDICATIONS

 At first blush, Yelli's argument regarding the admissibility of the records from the prior paternity adjudications in this criminal nonsupport proceeding appears to be a collateral attack on those prior adjudications. Collateral attacks on the final orders of prior paternity adjudications in subsequent proceedings are not permissible. *Carroll, supra.*

However, we find Yelli's analogy to criminal enhancement proceedings persuasive. In order for a defendant's prior convictions to be used to enhance the punishment for a subsequent conviction, the record must affirmatively show that the defendant was either represented by or waived his right to counsel at the proceeding where the prior conviction was had. *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967); *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983). At the enhancement proceeding, the defendant is allowed to object to the validity of the prior convictions, but only on the grounds that the defendant neither was represented by nor had waived his right to counsel, in violation of the defendant's right to counsel under the Sixth Amendment. Convictions obtained in violation of the right to counsel are considered too unreliable to be admitted into evidence in enhancement proceedings. *Smith, supra.*

 We hold that the same is true when past State-initiated paternity adjudications are used as evidence of paternity in criminal nonsupport proceedings. Under *Carroll*, a defendant in a State-initiated paternity action has an absolute right to be represented by counsel. If the record does not affirmatively show that the defendant was represented by or waived his right

to counsel in the prior State-initiated paternity adjudication, then the same defendant in a subsequent criminal nonsupport action may object to the use of the prior paternity adjudication as evidence of paternity.

Turning to the case at bar, the records of the past paternity adjudications where Yelli was determined to be the father of the children in question did not affirmatively show that Yelli was represented by or waived his right to counsel. Yelli properly objected when the State attempted to introduce the records of the paternity adjudications into evidence. Under our holding in this case, those records were inadmissible to prove that Yelli is the father of the two children in question in the current criminal nonsupport proceeding. Had the records of the prior paternity adjudications not been admitted into evidence, the jury might have acquitted Yelli.

## V. CONCLUSION

The records of the paternity adjudications where Yelli was found to be the father of the children involved in this case should not have been admitted as evidence to establish his paternity in this criminal nonsupport action, because the records of the prior adjudications do not affirmatively show that Yelli was informed of his right to counsel, that Yelli had counsel, or that Yelli waived counsel.

REVERSED AND VACATED.