IN RE INTEREST OF THOMAS W., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. THOMAS W., APPELLANT.
530 N.W.2d 291

Filed April 18, 1995.   No. A-94-771.

David L. Kimble for appellant.

C. Jo Petersen, Seward County Attorney, for appellee.

HANNON, IRWIN, and MUES, Judges.

IRWIN, Judge.

Thomas W., a juvenile, appeals the revocation of his probation. The revocation proceedings were conducted by the county court for Seward County sitting as a juvenile court. Appellant alleges that the court failed to enter a written statement of the evidence relied on and the reasons for the revocation, as required by Neb. Rev. Stat. § 43-286(4)(f) (Cum. Supp. 1994). This appeal involves two juvenile cases, apparently consolidated at the trial court level. We find that the order in case No. JV92-56 complies with § 43-286(4)(f), and we therefore affirm the order with regard to that case. However, because there is no revocation order in the record with regard to

case No. JV93-51, we dismiss this appeal with regard to case No. JV93-51.

## SUMMARY OF FACTS

The record in this case contains pleadings and orders with regard to three cases involving appellant, case Nos. JV92-56, JV93-37, and JV93-51. Appellant has appealed only from case Nos. JV92-56 and JV93-51, and we will therefore address only these cases. On July 17, 1992, a petition was filed in case No. JV92-56 alleging that appellant had committed the crimes of theft by unlawful taking, burglary, and criminal mischief. At an adjudication hearing, appellant admitted to theft by unlawful taking, and the charges of burglary and criminal mischief were dismissed. At a disposition hearing, the court placed appellant on 12 months' probation, ordered him to complete 75 hours of community service, and ordered him to pay restitution and court costs.

On May 12, 1993, a petition in case No. JV93-51 was filed alleging that appellant had committed the crimes of minor in possession of alcohol and possession of drug paraphernalia. At an adjudication hearing on June 1, appellant admitted the charges of minor in possession of alcohol and possession of drug paraphernalia. Also on June 1, the court heard a motion to revoke appellant's probation in case No. JV92-56. At the hearing, appellant admitted to violating probation.

A disposition hearing was held on July 8, 1993, with regard to case No. JV92-56. At the end of that hearing, the court placed appellant on 24 months' juvenile intensive supervision probation. Terms of the intensive supervision probation included attending school without any expulsions or truancy; refraining from the violation of local, state, or federal laws; and refraining from associating with any current or former friends from Pleasant Dale, Nebraska. On April 22, 1994, the court approved a stipulation between appellant and the State which provided that the disposition of case No. JV93-51 would be the same as the disposition entered on July 8, 1993, in case No. JV92-56, i.e., intensive supervision probation.

On April 21, 1994, the State filed a motion to revoke probation in both cases. In the motion, the State alleged that

appellant violated the terms of his probation by (1) associating with a former friend from Pleasant Dale, (2) failing to attend school with a good record and without expulsions, and (3) using and/or possessing marijuana. At an initial hearing, appellant denied the allegations in the motion to revoke. However, at a hearing on July 14, appellant withdrew his denial and admitted the allegations in the motion to revoke. Thereafter, the trial court read each allegation in the motion and asked appellant whether he admitted or denied each allegation. In response, appellant admitted each allegation in the motion.

As a factual basis for appellant's admissions, the State offered into evidence several exhibits. One of the exhibits was a "Conference Summary" from the Lincoln Public Schools, in which it is reported that appellant was to be expelled for being tardy, being truant, and smoking on campus. A second exhibit was a June 17, 1994, laboratory report from the Nebraska State Patrol Criminalistics Laboratory which states that appellant tested positive for marijuana usage. The State's attorney also stated that appellant's probation officer had received reports that appellant had associated with one of his previous friends from Pleasant Dale.

The only revocation order in the record is dated July 14, 1994, and bears case No. JV92-56, but not case No. JV93-51. In its order, the court noted that appellant had withdrawn his prior denials and admitted the allegations of the motion to revoke. The court also stated that it considered appellant's admissions and the factual basis for the motion in finding that appellant had violated probation. The court then ordered appellant's probation revoked.

## ASSIGNMENT OF ERROR

Appellant claims that the trial court erred in failing to issue a written statement of the evidence it relied on and the reasons for revocation of his probation, in violation of § 43-286(4)(f).

## STANDARD OF REVIEW

■ An appellate court reviews juvenile proceedings de novo on the record and is required to reach a conclusion independent of the juvenile court's findings. However, where the evidence conflicts, an appellate court considers and may

give weight to the fact that the juvenile court observed the witnesses and accepted one version of the facts over another. *In re Interest of J.A.*, 244 Neb. 919, 510 N.W.2d 68 (1994); *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991).

With regard to questions of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court. *State v. Roche, Inc.*, 246 Neb. 568, 520 N.W.2d 539 (1994). *State v. Yelli*, 3 Neb. App. 148, 524 N.W.2d 353 (1994).

## DISCUSSION

*Case No. JV93-51.*

Appellant filed a single notice of appeal with this court listing case Nos. JV92-56 and JV93-51. In his notice of appeal, he states that he "intends to appeal the Order of the Court committing the Juvenile to the Youth Development Center at Kearney dated July 14, 1994." There is an order in the record dated July 14, 1994, for case No. JV92-56, but not for case No. JV93-51. Further, in his praecipe for transcript, appellant did not request an order dated July 14, 1994, with regard to case No. JV93-51. The only order requested for case No. JV93-51 was one dated April 22, 1994. With regard to the April 22 order, the notice of appeal was filed well beyond the time period allowed for filing appeals. See Neb. Rev. Stat. § 43-2,106.01 (Cum. Supp. 1994). Thus, from the record before us, we cannot tell if there ever was an order entered in case No. JV93-51 on July 14, 1994, much less what the order contained.

A transcript on appeal to this court which does not contain a final order or judgment presents nothing for review. See *Hoffman v. Reinke Mfg. Co.*, 227 Neb. 66, 416 N.W.2d 216 (1987). To obtain a review by this court, the transcript on appeal must contain the judgment, decree, or final order sought to be reversed, vacated, or modified. *Id.* Since there is no order in the record dated July 14, 1994, and bearing the case No. JV93-51, we dismiss this appeal with regard to such case.

*Case No. JV92-56.*

There is an order dated July 14, 1994, in the transcript for case No. JV92-56. We will therefore address appellant's assigned error on the merits with regard to this case only.

Appellant claims that the juvenile court erred by not

complying with the requirements of § 43-286(4)(f), which provides, "In cases when the court revokes probation, it shall enter a written statement as to the evidence relied on and the reasons for revocation." In order to resolve this issue, we must first determine what constitutes a "written statement" within the meaning of § 43-286(4)(f). This issue is one of first impression in this state.

According to the legislative history of § 43-286, subsection (4) was enacted "to provide a due process procedure of revoking probation to conform to the recent decisions of the U.S. Supreme Court of Morrissey v. Brewer and Gagnon v. Scarpelli." Statement of Purpose, L.B. 541, Committee on the Judiciary, 84th Leg., 1st Sess. (Feb. 4, 1975).

In *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), the Court held that in the context of parole revocation proceedings, due process minimally requires, among other things, "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." Shortly thereafter, in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), the Court extended the due process requirements enumerated in *Morrissey* to adult probation revocation proceedings.

The Nebraska Supreme Court has addressed the *Morrissey* and *Gagnon* written statement requirement in two adult probation revocation cases, *State v. Jaworski*, 194 Neb. 645, 234 N.W.2d 221 (1975), and *State v. McFarland*, 195 Neb. 394, 238 N.W.2d 237 (1976). In *Jaworski*, the court noted that the *Morrissey* and *Gagnon* decisions arose in the context of administrative hearings and that the written statement requirement enumerated in those cases does not apply to judicial adult probation revocation proceedings. The court concluded:

> Neither the Nebraska Probation Administration Act nor Morrissey or Gagnon require the District Court to specify which exhibits or which witnesses were relied upon for its written findings. In its written findings and judgment in the record the court need only refer to the evidence in the record.

*Jaworski*, 194 Neb. at 648, 234 N.W.2d at 223. Accord

*McFarland, supra.*

We note that both *Jaworski* and *McFarland* dealt with adult probation revocation proceedings, and unlike the case presently before this court, there was no statutory requirement of a written statement of evidence relied on and reasons for revocation. Because the written statement requirement of § 43-286(4)(f) was intended to comply with the due process requirements of *Morrissey* and *Gagnon*, we will look to those cases and their progeny for authority on what constitutes a "written statement" within the meaning of § 43-286(4)(f).

Neither *Morrissey* nor *Gagnon* specified what would satisfy the written statement requirement. However, in a subsequent decision, *Black v. Romano*, 471 U.S. 606, 616, 105 S. Ct. 2254, 85 L. Ed. 2d 636 (1985), the Court held that a defendant's due process rights were not violated where "[t]he memorandum prepared by the sentencing court *and the transcript of the hearing* provided the necessary written statement explaining the evidence relied upon and the reason for the decision to revoke probation." (Emphasis supplied.) The Court reasoned that the written statement requirement helped to ensure accurate factfinding and provided an adequate basis for review to determine if the revocation decision rested on permissible grounds supported by the evidence.

Other appellate courts have uniformly held that the written statement requirements of *Morrissey* and *Gagnon* are satisfied where oral pronouncements made by the judge at the revocation hearing appear in the trial record on appeal. See., e.g., *U.S. v. Copeland*, 20 F.3d 412 (11th Cir. 1994); *U.S. v. Gilbert*, 990 F.2d 916 (6th Cir. 1993); *U.S. v. Barnhart*, 980 F.2d 219 (3d Cir. 1992); *U.S. v. Copley*, 978 F.2d 829 (4th Cir. 1992); *U.S. v. Barth*, 899 F.2d 199 (2d Cir. 1990), *cert. denied* 498 U.S. 1083, 111 S. Ct. 953, 112 L. Ed. 2d 1042 (1991); *U.S. v. Yancey*, 827 F.2d 83 (7th Cir. 1987), *cert. denied* 485 U.S. 967, 108 S. Ct. 1239, 99 L. Ed. 2d 437 (1988); *Clark v. State*, 580 N.E.2d 708 (Ind. App. 1991); *Southern v. State*, 589 So. 2d 811 (Ala. Crim. App. 1991); *State v. Hodges*, 798 P.2d 270 (Utah App. 1990); *People v. Moss*, 213 Cal. App. 3d 532, 261 Cal. Rptr. 651 (1989); *Powell v. State*, 745 P.2d 747 (Okla. Crim. App. 1987); *Soden v. State*, 71 Md. App. 1, 523 A.2d 1015 (1987); *Pannell v.*

*State*, 707 S.W.2d 692 (Tex. App. 1986); *Saunders v. United States*, 508 A.2d 92 (D.C. 1986); *Rutledge v. State*, 263 Ark. 300, 564 S.W.2d 511 (1978). But cf. *United States v. Smith*, 767 F.2d 521 (8th Cir. 1985).

The U.S. Supreme Court has also held that a court must issue a written statement of reasons for its decision in any action that is "critically important" in determining important rights of a juvenile. *Kent v. United States*, 383 U.S. 541, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966). A probation revocation hearing is critically important in determining a juvenile's right to liberty. See *In re Jane Doe*, 62 Haw. 70, 610 P.2d 509 (1980). Consistent with the *adult probation* cases cited above, at least one appellate court has looked to the trial court's recorded oral pronouncements in determining whether it satisfied the requirement of a written statement of reasons for revoking a *juvenile's probation*. See *id.*

In summary, the Nebraska Legislature enacted § 43-286(4) in order to afford juveniles due process in the context of probation revocation hearings. The legislative history of § 43-286(4) reveals that the Legislature intended to afford juveniles the same procedures as were outlined in *Morrissey* and *Gagnon*, including a written statement of evidence relied upon and reasons for revocation of parole. Cases subsequent to *Morrissey* and *Gagnon* have held that the written statement requirement is satisfied if the trial judge orally gives a statement of evidence relied upon and reasons for revocation, and if those oral statements are transcribed and included in the record on appeal.

    ■ Consistent with the above authority, we find that the written statement requirement contained in § 43-286(4)(f) is satisfied if the judge's oral statements appearing in the bill of exceptions from the revocation hearing, as well as in the revocation order, when taken together, reveal the evidence relied upon and reasons for the revocation. We believe that our holding today adequately preserves the juvenile's due process rights by ensuring accurate factfinding and establishing a record for appellate review. Further, our holding today allows a juvenile judge to refer to his or her oral statements made on the record rather than to regurgitate such statements word for word in a separate written statement or order. In this sense, our

holding is also consistent with the Nebraska Supreme Court's decision in *State v. Jaworski*, 194 Neb. 645, 234 N.W.2d 221 (1975).

In the present case, the juvenile court recited the evidence that it relied on in its order of revocation. The court stated that it relied on a personal colloquy with the juvenile, the factual basis for the motion to revoke, and the juvenile's admission of the allegations in the motion. All of this evidence appears in the record. With regard to the reasons for revocation, the court orally stated the following at the revocation hearing:

> Because of the — the nature of the charges, because of the nature of the allegations, because of the nature of the original charges particularly in case number JV92-56, because of the nature of the — as [the State] correctly points out, complete disregard for any of the conditions or terms of probation, the Court does find that it is in the best interests of the juvenile that he not be continued on probation. That he — That his probation be revoked, particularly because of the nature of the charges, the Court finds that it is in the best interests of the juvenile and society in general that he be committed to the Department of Correctional Services for placement at Kearney.

We find that this statement, which was recorded by a court reporter and appears in the bill of exceptions of this case, satisfies the requirement of a written statement of reasons for revoking appellant's probation.

## CONCLUSION

Because there is no revocation order in the record with regard to case No. JV93-51, we dismiss the appeal with regard to that case. With regard to case No. JV92-56, we find that the juvenile court complied with § 43-286(4)(f), and we therefore affirm the order of revocation with regard to that case.

AFFIRMED IN PART, AND IN PART DISMISSED.