Filed 8/24/16  P. v. Salcedo CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MIGUEL MARGARITO SALCEDO,<br><br>    Defendant and Appellant. | D069326<br><br><br>(Super. Ct. No. JCF32782) |


APPEAL from an order of the Superior Court of Imperial County, Poli Flores and Christopher J. Plourd, Judges.  Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


INTRODUCTION

Miguel Margarito Salcedo appeals from an order following a contested probation violation hearing.  His appointed appellate counsel filed a brief requesting we

independently review the record for error.  (See *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)  Having done so and having identified no reasonably arguable appellate issues, we affirm the order.

## BACKGROUND

Salcedo pleaded no contest to resisting an executive officer (Pen. Code, § 69).  Following this plea, at the People's request, the court dismissed two other misdemeanor matters.  A month later, before sentencing Salcedo, the court granted his motion to replace his appointed counsel.  (*People v. Marsden* (1970) 2 Cal.3d 118, 123 [a defendant's right to appointed counsel includes the right to have appointed counsel replaced if the failure to replace appointed counsel would substantially impair or deny the defendant the right to assistance of counsel].)

Salcedo's new counsel informed the court he doubted Salcedo's competency.  (Pen. Code, § 1368, subd. (b).)  The court suspended the criminal proceedings pending a competency determination.  A psychiatrist and a psychologist evaluated Salcedo and both found him to be competent.  Based on the doctors' findings, the court reinstated the criminal proceedings.

Salcedo then pleaded no contest to two misdemeanors, for which the court placed him on summary probation for three years.  Regarding Salcedo's previous plea of no contest to resisting an executive officer, the court suspended imposition of sentence and granted Salcedo three years of formal probation.  Among the conditions of probation, the court ordered Salcedo to submit to warrantless searches by law enforcement officers, to obey all laws, and to report any arrest to his probation officer within 48 hours.

2

Approximately nine months later, the probation department petitioned for revocation of Salcedo's probation. As the basis for revocation, the petition alleged police arrested Salcedo for possessing stolen property (Pen. Code, § 496, subd. (a)).

The court set a hearing on the petition. On the date the hearing was to occur, the People amended the petition to include allegations Salcedo failed to submit to a warrantless search by a police officer and failed to report his arrest to his probation officer within 48 hours. The People then requested a one-week continuance over Salcedo's objection. As grounds for the continuance, the People stated they had subpoenaed the victim and the arresting officer. The arresting officer did not appear and it was unclear whether the officer's employer had actually served the officer with the subpoena. The victim had been served and appeared, but then left and could not be located. The court granted the continuance, finding the People had shown good cause for it.

On the date set for the continued hearing, the People indicated to defense counsel they would be requesting a second one-week continuance. Salcedo objected to the continuance, but defense counsel, who had a personal conflict of interest, requested the court trail the matter to allow another attorney from counsel's office to represent Salcedo. The court granted the request.

After the other attorney arrived and the court recalled the matter, the People requested a one-day continuance, to which Salcedo again objected. As grounds for the continuance, the People stated one of their three witnesses, the arresting officer, had been served with the subpoena and had not responded, causing the People to be concerned the

3

officer may be out of town. The court granted the continuance, finding the People had shown good cause for it.

At the hearing on the petition, which occurred 30 days after the probation department filed the original revocation petition and 31 days after Salcedo's underlying arrest, the court heard testimony regarding each of the alleged probation violations. At the conclusion of the hearing, the court found the People had not established by a preponderance of the evidence Salcedo had violated his probation by failing to submit to a warrantless search or by failing to notify his probation officer of his arrest within 48 hours. However, the court found the People had established by a preponderance of the evidence Salcedo had violated his probation by failing to obey all laws by possessing stolen property.

As to the possessing stolen property allegation, the evidence showed Salcedo was staying in the victim's home temporarily. A police officer responding to a disturbance call found Salcedo sitting on a bench outside the victim's home. Salcedo was not wearing a shirt and was noticeably upset. After determining Salcedo was on probation, an assisting officer searched Salcedo and found miscellaneous papers and the victim's debit card in one of Salcedo's front pockets. When asked about the card, Salcedo said he may have picked it up in the victim's home and put it in his pocket. The victim did not give or lend the card to Salcedo and Salcedo did not have the victim's permission to have the card.

The victim testified he had last seen the debit card seven days earlier on a coffee table in the victim's bedroom. Salcedo denied taking the card from the victim's bedroom

4

and denied knowing he had the card. Rather, he testified he had left the victim's home in a hurry that morning and must have picked up the card from the dining room table when he was gathering his own food, medical and phone cards.

The court subsequently reinstated Salcedo's probation, conditioned upon him not having any contact with the victim and serving 120 days in jail. Against the jail term, the court awarded Salcedo 85 days of credit, consisting of 43 days of custody credit and 42 days of conduct credit.

## DISCUSSION

Salcedo's appointed appellate counsel filed a brief summarizing the facts and proceedings below. Counsel presented no argument for reversal and instead requested we independently review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d at pages 441-442.

To aid our review, and consistent with *Anders v. California* (1967) 386 U.S. 738, 744, counsel identified three possible appellate issues:

(1) Whether substantial evidence supported the trial court's decision to revoke Salcedo's probation. (See *People v. Anderson* (1989) 210 Cal.App.3d 414, 420-421 ["Proof of the crime of receiving stolen property requires establishing that the property in question was stolen, that the defendant was in possession of it, and that the defendant knew the property to be stolen. [Citations.] A long line of authority … [citation], establishes that proof of knowing possession by a defendant of recently stolen property raises a strong inference of the other element of the crime: the defendant's knowledge of the tainted nature of the property. This inference is so substantial that only 'slight'

5

additional corroborating evidence need be adduced in order to permit a finding of guilty"].)

(2) Whether the trial court erred in finding good cause to twice continue the probation revocation hearing over Salcedo's objection. (See *People v. Johnson* (2013) 218 Cal.App.4th 938, 942 ["Whether good cause exists [to continue a probation revocation hearing] is a question for the trial court's discretion but requires at a minimum that the party seeking continuance demonstrate it has prepared for the hearing with due diligence. [Citations.] 'Particularly, when the party seeks a continuance to secure a witness's testimony, the party must show that he exercised due diligence to secure the witness's attendance, that the witness would be available to testify within a reasonable time, that the testimony was material and not cumulative' "].)

(3) Whether the trial court erred by failing to provide a written statement of its reasons for deciding to revoke Salcedo's probation. (See *People v. Moss* (1989) 213 Cal.App.3d 532, 533 ["[A] reporter's transcript of a court's oral statement of reasons for revoking probation satisfies the due process requirement of a written statement as to the evidence relied on and the reasons for revocation"].)

We granted Salcedo permission to file a supplemental brief on his own behalf. He did not do so.

As requested by counsel, we independently reviewed the record for error and did not find any reasonably arguable appellate issues. Salcedo has been competently represented by counsel in this appeal.

6

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

McDONALD, J.

AARON, J.