589 So.2d 811 (1991)
McKinley SOUTHERN
v.
STATE.
CR 90-1331.
Court of Criminal Appeals of Alabama.
October 25, 1991.
*812 C. David Odem, Florence, for appellant.
James H. Evans, Atty. Gen., and Gail Ingram Hampton, Asst. Atty. Gen., for appellee.
PER CURIAM.
The appellant, McKinley Southern, was convicted of forgery in the second degree. He was sentenced to 10 years' imprisonment. His sentence was split, with 12 months to be served in the Lauderdale County jail, followed by 4 years on supervised probation.
On February 15, 1991, a revocation hearing was held because of the appellant's failure to report, failure to pay fines, and his two convictions on December 23, 1990, and January 23, 1991, for public intoxication. At the end of the revocation hearing, the trial judge revoked the appellant's probation because he had committed the offense of public intoxication and because he failed to report to his probation officer.

I
The appellant contends that the failure of the State to promptly serve written notice upon him and take him before a judge for violating his probation was a violation of his due process rights. The appellant was arrested and served with a warrant on January 23, 1991. The record reflects that the appellant was given an initial hearing on January 28, 1991. The delay was five days between the arrest and the initial hearing before a judge.
The United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), set out the minimum due process requirements for probation revocation. As far as time requirements for the preliminary hearing, the United States Supreme Court held:
"... [D]ue process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available. Cf. Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963). Such an inquiry should be seen as in the nature of a `"preliminary hearing"' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions. Cf. Goldberg v. Kelly, 397 U.S. [254], at 267-271 [90 S.Ct. 1011, 1020-22, 25 L.Ed.2d 287 (1970)]."
408 U.S. at 485, 92 S.Ct. at 2602.
In Morrissey, the court held that a revocation hearing must be held within a reasonable time after the parolee is taken into custody. The court stated that a lapse of two months was not unreasonable. Morrissey, 408 U.S. at 488, 92 S.Ct. at 2603. Furthermore, Rule 27.5, A.R.Crim.P., entitled "Initial Appearance After Arrest," imposes no specific time limits. The committee comment to that rule states as follows:
"Specific time limits are not imposed under this rule. The probationer may request either an acceleration or postponement of the hearing date, depending *813 on the particular circumstances. However, it is contemplated that a hearing will be held as soon as feasible and that a probationer will not be subjected to lengthy or unwarranted confinement prior to hearing."
Therefore, we find that a five-day delay between the arrest and the initial hearing does not constitute unreasonable or unnecessary delay.
The appellant also contends that it was reversible error and a violation of his due process rights because he was not served with a written copy of his alleged violation of probation until eight days after his arrest. From a review of the record, it is apparent that at the initial hearing the appellant was orally informed of the charges against him and on February 1, 1991, he was given a copy of notification of the hearing and the charges placed against him. The requirements of Rule 27.5(a), A.R.Crim.P., were met.

II
The appellant also contends that the trial court erred by failing to issue a written statement as to the evidence relied on and the reasons for revoking his probation as required by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Although the court did not issue a "written statement" of its reasons for revoking the appellant's probation and the evidence it relied on in revoking probation, "a technical compliance with Armstrong v. State, supra, may not be required if a reviewing court from the record of the case can discern the reasons evidenced for the trial court's decision." Stanley v. State, 579 So.2d 19, 20 (Ala. Crim.App.1990).
"Although this order does not technically comply with the criteria of Armstrong, the record does satisfy the due process requirements that Armstrong was intended to protect. An inadequate report may be supplemented and cured by a sufficient record.

"`Despite the obvious inadequacies in these reports, they are often upheld if the reviewing court can look at the record of the case and divine reasons and evidence for the decision. This is especially likely to occur in those cases, usually involving probation revocation, where a complete transcript is available to the appellate court to use in lieu of an adequate report by the decisionmaker. Courts reason that the purposes of the written reportfacilitating appellate review and preventing repeated revocations for the same conductcan still be achieved irrespective of the lack of an adequate report by the decisionmaker.' N. Cohen and J. Gobert, The Law of Probation and Parole, 641 (1983)."
Salter v. State, 470 So.2d 1360, 1362-63 (Ala.Crim.App.1985) (emphasis added.) See also Harris v. State, 549 So.2d 520 (Ala. Crim.App.1989); Stanley.
In the case at bar, the judgment entry reads as follows:
"On February 15, 1991, McKinley Southern, being present with his attorney, David Odem, and after hearing had, suspension of sentence is revoked and the suspended sentence is imposed for failure [of] defendant to report to probation officer as directed and conviction of offense of public intoxication by Judge Donald H. Patterson." (R. 47.)
At the end of the probation, the trial judge made the following remarks:
"THE COURT: All right. Let me say, Mr. Southern, that you doubtless have an alcohol problem. One of the problems we have in the courts is trying to reach some balance between incarcerating people for the normal reasonsto deter the defendant, to set an example to others and to meet, as best we can, the community standard of retribution and sometime it's hard to reconcile those factors with an effort to rehabilitate a defendant who has a problem. You well know without my telling you that I personally have given you a couple of breaks when you were in jail before on work release where you became intoxicated within hours after leaving the jail. And you understand that we have given you several chances. I really believe that your *814 best possibility of getting help will be in the state penal system where they do have programs for the rehabilitation of people who have problems such as you suffer from. It's with no great pleasure at all that I have to make a decision in this case because we always hope that when people are put on probation that they will succeed because we like to restore people to useful citizenship rather than put them in the penitentiary. But, in your case, we've tried and it just hadn't worked. So it will be the judgment of the Court that probation is revoked and the suspended sentence is imposed for the reasons set forth by the probation officer in his order, namely, the commission of the offense of Public Intoxication and Failure to Report to the Probation Officer as Directed.
"The defendant has himself admitted on the stand that he was guilty of the offense of Public Intoxication and has admitted his failure to report to the probation officer as directed. It is the Court's finding that there was no reasonable justification for the defendant's failure to report to the probation officer as directed. So, the balance of your suspended sentence is imposed and your probation is revoked." (R. 22-24).
When the trial judge's remarks in open court are considered together with the judgment entry and the complete record of the revocation hearing, the trial judge's reasons for revoking the appellant's probation and the evidence he relied on in doing so are clear. The trial judge's reasons for revoking the appellant's probation are that the appellant had committed the offense of public intoxication and that he had failed to report to his probation officer. The evidence the trial judge relied on was the appellant's own admissions that he had committed the offense of public intoxication and that he failed to report to his probation officer without good reason. The trial judge obviously believed these admissions by the appellant because they were supported by the evidence produced by the State at the revocation hearing. "A remand of this cause for literal compliance with Armstrong would serve no purpose when the spirit of that case has been fostered and fulfilled." Salter, 470 So.2d at 1363. See also Harris; Stanley.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur except TAYLOR, J., who dissents with opinion.
TAYLOR, Judge, dissenting.
The majority, citing Salter v. State, 470 So.2d 1360, 1362 (Ala.Cr.App.1985), states that "`[a]n inadequate report may be supplemented and cured by a sufficient record.'" We have recently held the direct opposite in Grimes v. State, 579 So.2d 693 (Ala.Cr.App.1991). The minimum constitutional requirements are mandated by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973):
"In addressing probation revocation hearings, the Court, in Gagnon, quoting from Morrissey, listed the following minimal requirements of due process when revoking probation:
"`"(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole." Morrissey v. Brewer, supra [408 U.S.] at 489, 92 S.Ct. at 2604.'

*815 "Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-62. (Emphasis added [in Grimes])."
Grimes v. State, 579 So.2d at 694.
A written statement of facts and the evidence relied on are required to be given to the probationer. Reciting reasons in open court, which recitation may never be transcribed, falls far short of the Morrissey and Gagnon minimum requirements of a tangible written statement. How shall a prisoner in a cell address this decision when he cannot hold and read a court's reasons? This case should be remanded for the trial court to comply with the minimum constitutional requirements as set out by the United States Supreme Court.