The appellant, Kevin Lyle DuBoise, appeals the revocation of his probation. On October 6, 1992, the appellant was convicted of theft of property in the second degree, a violation of § 13A-8-4, Code of Alabama 1975. He was sentenced to 15 years' imprisonment. His sentence was split and he was placed on 5 years' probation to be followed by two years in prison. On October 28, 1993, the appellant's probation officer filed a delinquency report, charging: (1) driving under the influence of alcohol; (2) driving with a suspended driver's license on November 25, 1992; (3) driving with a suspended driver's license on April 20, 1993; (4) failure to report to his probation officer as directed; (5) failure to pay court costs, restitution, and the assessment to the crime victim's compensation fund; and (6) failure to pay supervision fees. On December 3, 1993, a probation revocation hearing was held and the appellant's probation was revoked.
The appellant contends the trial court's order revoking his probation did not contain a statement as to the evidence it relied on in revoking his probation as required by Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and Morrissey v. *Page 80 Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). SeeArmstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Wyattv. State, 608 So.2d 762 (Ala. 1992).
In Grimes v. State, 579 So.2d 693 (Ala.Cr.App. 1991), this court held that the minimum constitutional requirements for revocation of probation were mandated in Morrissey and Gagnon.
 "In addressing probation revocation hearings, the Court, in Gagnon, quoting from Morrissey, listed the following minimal requirements of due process when revoking probation:
 " ' "(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole." Morrissey v. Brewer, supra, at 489, 92 S.Ct. at 2604.'
"Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-62."
Grimes, 579 So.2d at 694. (Emphasis in original.)
The state argues that this case should not be remanded because the appellant admitted that he violated the terms of his probation. In Wyatt, supra, the Alabama Supreme Court, when dismissing the petition, reaffirmed its holding in Armstrong
and stated that the court must make written findings. "The written statement of the reasons relied upon ' "relates to a matter of substance and not mere form" Carter v. State,389 So.2d 601 (Ala.Cr.App. 1980).' " Grimes, 579 So.2d at 694. See also S.B.S. v. State, [Ms. CR-93-265, April 15, 1994] 1994 WL 129020 (Ala.Cr.App. 1994). The fact that the appellant admitted the violation does not relieve a court from complying with the constitutional requirements mandated by Morrissey andGagnon.
The state also argues that the court's order revoking probation is sufficient to comply with these constitutional requirements. However, the trial court failed to indicate what evidence it relied upon in revoking the appellant's probation. The written order merely states that the court was reasonably satisfied "from the evidence and matters presented," that probation should be revoked. Such a statement is insufficient to comply with the requirements ofMorrissey and Gagnon.
On the authority of Morrissey, Gagnon, and Wyatt, we remand this cause to the Circuit Court for Russell County so that that court can furnish the appellant with written findings as to the evidence it relied on and the reasons for revoking the appellant's probation. Due return should be filed with this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.