On Return to Remand

McMillan, judge.
We remanded this cause for the trial court to file a written statement giving its reasons for revoking the appellant’s probation and stating the evidence it relied upon in making the determination to revoke his probation. The trial court has now filed its return, which states, in pertinent part, that there were sufficient grounds on which to revoke the *46 appellant’s probation because the appellant “w[ould] not obey the orders of this Court_ [T]his man did not obey orders.” The return further states that the trial court relied upon a delinquency report filed by the appellant’s probation officer, the allegations of which, the court says, the appellant failed to dispute.
The delinquency report is not included in the record on appeal. However, it appears from the transcript of the hearing on remand that the delinquency report was before the trial court when the appellant’s probation was revoked and that that report reflected the following: The appellant was placed on probation on December 1, 1989. On July 10, 1992, his probation officer filed a delinquency report, because the appellant failed to comply with the condition of his probation requiring him to report to the officer by the fifth of each month. On July 15,1992, the trial court held a hearing and instructed the appellant that he was to report to his probation officer as required; the court then continued the appellant’s probation. Thereafter, on March 10, the probation officer filed a second delinquency report; that report is the basis of the present proceeding. The second delinquency report stated that the appellant continued not to report as ordered and that he had allegedly committed new offenses. According to the trial court’s return, the basis of the appellant’s probation revocation was only on the first ground.
The order returned by the trial court complies with the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and the appellant’s remaining arguments were not preserved for review on appeal because he failed to raise them at the time of his probation revocation. Therefore, the trial court’s revocation of the appellant’s probation is due to be, and it is hereby, affirmed.
AFFIRMED.
PATTERSON and LONG, JJ., concur.
TAYLOR, P.J., dissents with opinion in which COBB, J., joins.