TAYLOR, Presiding Judge.
The appellant, Tony Perry, appeals the revocation of his probation. In October 1991, the appellant was convicted of distributing a controlled substance. He was placed on probation for five years. In October 1993, a complaint was filed against the appellant, alleging that he had violated the terms of his probation. A probation hearing was held and the court revoked the appellant’s probation. The court,.in its revocation order, stated:
“Defendant being present in open court with attorney acknowledged receipt of delinquency report, confesses same, waives any further hearing.”
The appellant contends on appeal that he was not afforded due process at his probation hearing. Specifically, he contends that the court did not provide him with a written statement of the evidence it relied on in revoking his probation. We agree.
According to Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), a probationer must be afforded certain due process rights before a court can revoke probation. See Wyatt v. State, 608 So.2d 762 (Ala.1992); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). These rights, as outlined in Gag-non, are:
“‘(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (e) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a “neutral and detached” hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a ' written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.’ Morris *164 sey v. Brewer, supra, at 489, 92 S.Ct. at 2604.”
Gagnon, 411 U.S. at 786; 93 S.Ct. at 1761-62, 36 L.Ed.2d at 664. (Emphasis added.)
It appears that the appellant did admit to violating his probation. However, such an admission does not relieve the court of its obligation under Gagnon. This same issue was addressed by this court in DuBoise v. State, 647 So.2d 79 (Ala.Cr.App.1994). In DuBoise, we stated:
“The state argues that this case should not be remanded because the appellant admitted that he violated the terms of his probation. In Wyatt v. State, 608 So.2d 762 (Ala.1992) ], the Alabama Supreme Court, when dismissing the petition, reaffirmed its holding in Armstrong and stated that the court must make written findings. ‘The written statement of the reasons relied upon ‘“relates to a matter of substance and not mere form’ Carter v. State, 389 So.2d 601 (Ala.Cr.App.1980).” ’ Grimes v. State], 579 So.2d [693] at 694 [ (Ala.Cr.App.1991) ]. See also S.B.S. v. State, 675 So.2d 1340 (Ala.Cr.App.1994). The fact that the appellant admitted the violation does not reheve a court from complying with the constitutional requirements mandated by Morrissey and Gag-non.”
647 So.2d at 80.
The court’s order did not comply with Morrissey and Gagnon. The order does not contain a statement of the evidence relied upon in revoking the appehant’s probation.
Therefore, this cause must be remanded to the Circuit Court for Talladega County for that court to comply with the United States Supreme Court cases cited above. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.

 Note from the Reporter of Decisions: On July 7, 1995, on return to remand, the court affirmed, without opinion.