TAYLOR, Presiding Judge.
The appellant, Danny Wayne Turner, pleaded guilty to burglary in the third degree, a violation of § 13A-7-7, Code of Alabama 1975. As a result of the appellant’s conviction for burglary, his probation for a prior conviction was revoked. The appellant appeals both his burglary conviction and the revocation of his probation.
The appellant’s counsel filed a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he states that an appeal would be frivolous. He also filed a motion to withdraw as counsel. The appellant has filed a pro se brief with the court.
The state has filed a motion requesting that we remand this case because the written probation revocation order does not fully comply with the requirements of Rule 27.6(f), Ala.R.Crim.P. Specifically, the state contends that the order does not contain a sufficient written statement of the evidence relied on at the hearing. Although the appellant *833 did admit to violating the terms of his probation, “[t]he fact that the appellant admitted the violation does not relieve a court from complying -with the constitutional requirements mandated by Morrissey [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ] and Gagnon [v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) ].” DuBoise v. State, 647 So.2d 79, 80 (Ala.Cr.App.1994).
This cause is remanded to the Circuit Court for Limestone County so that the court can provide a written statement of the evidence it relied on and the reasons for revoking the appellant’s probation. Due return should be filed with this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
All the Judges concur.