On Application for Rehearing
Our opinion of August 22, 1997, is withdrawn and the following is substituted therefor.
Marx Trice appeals from the trial court's revocation of his probation. He was placed on 3 years' probation after the trial court suspended his 10-year sentence for possession of a forged instrument in the second degree. § 13A-9-6, Ala. Code 1975. The trial court's order, which is included on the case action summary sheet, reflects that a probation revocation hearing was held on July 18, 1996, and that Trice admitted to the alleged probation violations. C.R. 27. The transcript from the hearing is not included in the record on appeal.
Trice raises three issues on appeal. Absent a record showing that these issues were preserved for appellate review, we can review only the issues relating to the sufficiency of the written order revoking probation and the failure of a probationer to receive a hearing.[1] Taylor v. State,600 So.2d 1080 (Ala.Cr.App.), aff'd. on return to remand, 600 So.2d 1082
(Ala.Cr.App. 1992) (the general rules of preservation apply to revocation hearings; "[i]t is for the trial court . . . to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings"). The adequacy of a written order and the failure to hold a revocation hearing may be raised even if there was no objection on these grounds at trial. See Puckett v. State, 680 So.2d 980
(Ala.Cr.App. 1996).
The record on appeal reflects that Trice had a revocation hearing. Therefore, the only issue that is subject to appellate review is the adequacy of the written order. In accordance withGagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.
The order revoking Trice's probation states:
 "The defendant having been advised in writing of the alleged violation of the terms of his probation was brought before the court, with counsel, for a hearing on these allegations.
 "A hearing was held and the court finds that the defendant has violated the terms of his probation by:
"The evidence relied on by the court is:
 "The defendant admits that he committed the alleged violation, by failing to pay costs as ordered and committing new criminal violations. . . ."
C.R. 27. Trice contends that this order failed to adequately state the evidence and the reasons relied upon to revoke probation. We do not agree.
The written order states that the evidence relied upon was Trice's confession that he had violated the conditions of his probation. Alabama law is conflicting on whether it is sufficient to recite that the evidence relied upon is the probationer's confession to the violation. The written order inPerry v. State, 684 So.2d 163 (Ala.Cr.App. 1995), contained a statement of the evidence the trial court relied on to revoke probation that was essentially the same as the statement and the evidence in this case. In Perry, the order stated, " 'Defendant being present in open court with attorney acknowledged receipt of delinquency report, confesses same, waives any further hearing.' " 684 So.2d at 163. We held that Perry was not afforded due process at his probation hearing because "the court did not provide him with a written statement of the evidence it relied on in revoking his probation." 684 So.2d at 163. *Page 296 
However, since Perry, this court has held that a confession can provide the evidence necessary to fulfill the due process requirement that the trial court state the evidence it relied on in revoking probation. In Hoagland v. State, 699 So.2d 961
(Ala.Cr.App. 1996) (on return to remand), this court affirmed a revocation order that stated: " '[T]he court revoked the Defendant's probation for the following reason: 1. The Defendant admitted to failing a drug test.' " This court stated: "The trial court's written order is sufficient to satisfy the requirements of Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975)." 699 So.2d at 961.
Hoagland reflects the better view because the due process rights afforded a defendant in a revocation proceeding include allowing the defendant an opportunity to be heard and to present witnesses and documentary evidence. Black v. Romano,471 U.S. 606, 612, 105 S.Ct. 2254, 2258, 85 L.Ed.2d 636 (1985);Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656 (1973); Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975). However, if the defendant admits before the trial judge that he or she violated a condition of probation, there is no requirement that the defendant be allowed anopportunity to present a defense.
Rule 27.5(b), Ala.R.Crim.P., allows a probationer to waive a probation hearing and the sentencing court to make final disposition at the probationer's initial appearance when the probationer is given sufficient notice of the charges and evidence to be relied upon and the probationer "admits, under the requirements of Rule 27.6(c), that he committed the alleged violation." Rule 27.6(c) provides for the acceptance by the court of such an admission, provided the court first ascertains that the probationer understands his or her rights.[2] Similarly, other jurisdictions have held that a probationer's confession may serve as the basis for revoking probation. United States v.Holland, 850 F.2d 1048, 1050-51 (5th Cir. 1988) ("When it is determined that a person charged with a probation violation admits the violation charged, the procedural safeguards announced in Morrissey v. Brewer, 408 U.S. 471, 488-90,92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972), are unnecessary.");McGiboney v. State, 156 Ga. App. 222, 274 S.E.2d 667, 668
(1980) ("Appellant's assertion of the general grounds [on appeal] is clearly without merit in view of the confession he made in open court during the revocation hearing."); State v.Lay, 26 Ariz. App. 64, 65, 546 P.2d 41 (1976) ("Rule 27.8, Rules of Criminal Procedure, 17 A.R.S., allows probation to be revoked upon an admission to the court by the probationer, and there is no requirement of corroborating evidence. The Rule does require the court to determine whether a factual basis for the admission exists, but this is not the same as independent corroboration. The factual basis can be found wholly in a probationer's admissions."); People v. Woznick; 278 Ill. App.3d 826, 215 Ill.Dec. 523, 525, 663 N.E.2d 1037, 1039 (4 Dist. 1996) (after revoking probation based on an extrajudicial admission, the trial court concluded, "[A] trial court may revoke a defendant's probation based solely on defendant's voluntary confession or reliable extrajudicial admission that he violated the conditions of his probation."). If a trial court may revoke probation based *Page 297 
solely on a probationer's voluntary confession, then it follows that the written order required by Gagnon and Armstrong, supra, is sufficient if it states that the probationer confessed to violating the conditions of his probation.
To the extent our holding here conflicts with prior cases involving the question whether a confession to a probation violation can serve as the evidence relied on in revoking probation, we overrule those cases and hold that a written order revoking probation is sufficient when it recites that the probationer's confession is the evidence relied upon and recites sufficient reasons for the revocation. We caution the trial courts to make it clear on the record that the probationer was informed of and that the probationer understood the items enumerated in Rule 27.6(c), Ala.R.Crim.P.[3]
The order in this case states that the reasons for revoking Trice's probation are his failure to pay the costs as ordered and the commission of new criminal violations. These are sufficient reasons upon which to base a revocation of probation. The confession pretermits the need for any discussion concerning Trice's ability to pay costs. Also, the issue regarding the trial court's failure to ascertain whether Trice could pay costs was not preserved for review.
From the record before us, it appears that Trice admitted that he violated the terms of his probation; therefore, his probation was properly revoked. We hold that the written order containing the evidence and the reasons relied upon to revoke probation was adequate.
Although we are affirming the revocation of probation, holding that the written order revoking probation satisfies due process, we respectfully invite the Alabama Supreme Court to reconsider its holdings in Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762
(Ala. 1992), requiring a separate written order setting forth the evidence relied upon and the reason for the revocation in cases not involving confessions, and instead follow Alabama Rule 27.6(f), Ala.R.Crim.P., and those jurisdictions that permit a statement on the record from the proceedings to provide the evidence relied on and the reasons for revoking probation. In Armstrong and Wyatt, the Alabama Supreme Court relied on in Morrissey and Gagnon.
In Morrissey the United States Supreme Court outlined the procedures necessary to protect a parolee faced with revocation of parole. These due process procedures included providing the parolee with a written statement by the factfinder of the evidence relied on and the reasons for revoking parole. After revocation of parole, a written statement of fact explaining the evidence relied on and the reasons for revoking probation is necessary because no transcript of the proceedings is available to a reviewing court. In Gagnon the United States Supreme Court applied the due process procedures outlined inMorrissey (including providing the probationer with a written statement by the factfinder of the evidence relied on and the reasons for revoking probation) to probation revocations. InBlack v. Romano, 471 U.S. 606, 613-15, 105 S.Ct. 2254, 2259,85 L.Ed.2d 636 (1985), the United States Supreme Court stated that "[t]he written statement required by Gagnon and Morrissey helps to insure accurate factfinding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence." Gagnon and Morrissey require "a written statement," but they do not specify that this requirement can be fulfilled only by the submission of aseparate written order containing the evidence relied upon and the reasons for revoking probation. Black makes it clear that the assurance of accurate factfinding and protection from unjust revocation are the goals of both Gagnon and Morrissey.
Our concern is what suffices as a written statement. *Page 298 
State v. Jaworski, 194 Neb. 645, 234 N.W.2d 221 (1975), cited in In re Interest of Thomas W., 3 Neb. App. 704,530 N.W.2d 291, 294 (1995), states that "the Morrissey and Gagnon
decisions arose in the context of administrative hearings and that the written statement requirement enumerated in those cases does not apply to judicial adult probation revocation proceedings." The Nebraska court in Jaworski and Thomas also provided the following cites to cases in which other appellate courts have "uniformly held that the written statement requirements of Morrissey and Gagnon are satisfied where oral pronouncements made by the judge at the revocation hearing appear in the trial record on appeal":
 "See, e.g., United States v. Copeland, 20 F.3d 412
(11th Cir. 1994); United States v. Gilbert, 990 F.2d 916 (6th Cir. 1993); United States v. Barnhart, 980 F.2d 219 (3d Cir. 1992); United States v. Copley, 978 F.2d 829 (4th Cir. 1992); United States v. Barth, 899 F.2d 199 (2d Cir. 1990), cert. denied, 498 U.S. 1083, 111 S.Ct. 953, 112 L.Ed.2d 1042
(1991); United States v. Yancey, 827 F.2d 83 (7th Cir. 1987), cert. denied, 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 437 (1988); Clark v. State, 580 N.E.2d 708 (Ind.App. 1991); Southern v. State, 589 So.2d 811 (Ala.Crim.App. 1991); State v. Hodges, 798 P.2d 270 (Utah App. 1990); People v. Moss, 213 Cal.App.3d 532, 261 Cal.Rptr. 651 (1989); Powell v. State, 745 P.2d 747 (Okla.Crim.App. 1987); Soden v. State, 71 Md. App. 1, 523 A.2d 1015
(1987); Pannell v. State, 707 S.W.2d 692
(Tex.App. 1986); Saunders v. United States, 508 A.2d 92 (D.C. 1986); Rutledge v. State, 263 Ark. 300, 564 S.W.2d 511 (1978). But cf. United States v. Smith, 767 F.2d 521 (8th Cir. 1985)."
Thomas, 530 N.W.2d at 295.[4] We acknowledge the split between state and federal jurisdictions concerning the written statement requirement. "We see no reason why transcribed oral findings cannot satisfy the written statement requirement ofMorrissey, at least where . . . we possess a record that is sufficiently complete to allow the parties and us to determine 'the evidence relied on and the reasons for revoking probation.' " Barth, 899 F.2d at 201 (citing Black v. Romano,471 U.S. 606, 612, 105 S.Ct. 2254, 2258, 85 L.Ed.2d 636
(1985)); Copley, 978 F.2d at 831 ("a transcribed oral finding can serve as a 'written statement' for due process purposes when the transcript and record compiled before the trial judge enable the reviewing court to determine the basis of the trial court's decision"); Gilbert, 990 F.2d at 917 ("The Federal District Courts are courts of record since all hearings are transcribed verbatim; to require a judge to copy or paraphrase the transcript of his findings in the wake of a revocation hearing would elevate form over substance and do absolutely nothing to further secure the rights of those on supervised release."); Morishita v. Morris, 702 F.2d 207, 210 (10th Cir. 1983) ("written findings are constitutionally required only if the transcript and record before the judge do not enable a reviewing court to determine the basis of the judge's decision to revoke probation"); State v. Wilson, 127 Idaho 506,903 P.2d 95, 100 (1995) ("district court does not need to enter written findings of fact to justify revocation of probation if it orally explained its reasons and these reasons are part of the record on review. If the reasons given are made part of the record, the probationer's due process rights are not violated."); State v. Collins, 560 So.2d 836 (La. 1990) ("Oral reasons transcribed in the record are sufficient.").
The committee comments to Rule 27.6(f) state, "Section (f) is included to give a reviewing court a basis for evaluating the revocation hearing and decision." Because revocation proceedings can be transcribed, the goal of providing a basis for evaluating the revocation hearing and the ultimate decision *Page 299 
is accomplished by a sufficient pronouncement on the record without requiring the circuit court to reproduce its ruling in a separate written order. Accordingly, we urge the Alabama Supreme Court to modify its present requirement that a separate written order be entered when a transcript of the revocation hearing is available.
The trial court's order is affirmed.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; AFFIRMED.
All the Judges concur.
[1] Trice argues on rehearing that he did not receive a hearing. We are, however, bound by the record presented on appeal. The record contains the trial court's order stating that a hearing was conducted. The record contains a docketing statement reflecting that the record on appeal would have no transcript but that a stipulation of facts would be filed with the circuit clerk. C.R. 20. The docketing statement indicates an acknowledgement by Trice that he received a hearing. It is the defendant's responsibility to provide an accurate record on appeal.
[2] Rule 27.6(c), Ala. R.Crim. P., reads as follows:
"(c) Admissions by the Probationer. Before accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the probationer understands the following:
"(1) The nature of the violation to which an admission is offered;
"(2) The right under section (b) to be represented by counsel;
"(3) The right to testify and to present witnesses and other evidence on probationer's own behalf and to cross-examine adverse witnesses under subsection (d)(1); and
"(4) That, if the alleged violation involves a criminal offense for which the probationer has not yet been tried, the probationer may still be tried for that offense, and although the probationer may not be required to testify, that any statement made by the probationer at the present proceeding may be used against the probationer at a subsequent proceeding or trial.
"The court shall also determine that the probationer waives these rights, that the admission is voluntary and not the result of force, threats, coercion, or promises, and that there is a factual basis for the admission."
[3] Whether Trice was advised of the rights enumerated in Rule 27.6(c) is not an issue before this court. Nor does the record contain an objection at the trial level to a failure to be so advised. Absent a record showing that this issue was preserved for appellate review, it is not reviewable on appeal.
[4] In Southern v. State, 589 So.2d 811, 813 (Ala.Cr.App. 1991), this court stated that "technical compliance with Armstrong v.State . . . may not be required if a reviewing court can discern the reasons evidenced for the trial court's decision." Judge Taylor's dissent in Southern, advocating the need for a written statement of facts, became, following the decisions inArmstrong and Wright v. State, 349 So.2d 124 (Ala.Cr.App. 1977), the precedent followed by this court. *Page 623