The appellant, Eric O'Neal Springfield, appeals from the order of the trial court revoking his probation. The appellant contends that the trial court's written order stating its reasons for revoking the appellant's probation and the evidence it relied upon in doing so is inadequate and that, therefore, the order did not satisfy the requirements of due process mandated by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and as recognized in Rule 27.6(f), Ala.R.Crim.P. See Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975); and Wyatt v. State, 608 So.2d 762 (Ala. 1992). The only written order memorializing the trial court's action appears in the case action summary sheet and is as follows: "Upon defendant's admission with advice of counsel, probation revoked." (C. 2.)
In Trice v. State, 707 So.2d 294 (Ala.Cr.App. 1997), we held that "a written order revoking probation is sufficient when it recites that the probationer's confession is the evidence relied upon and recites sufficient reasons for the revocation."Trice, 707 So.2d at 297 (emphasis added). Here, although the trial court's written order is adequate to the extent that it recites what evidence the court relied upon to revoke the appellant's probation — i.e., "[the appellant's] admission" — the order is insufficient because it fails to recite the reason for the revocation; i.e., it does not set forth what term or condition of probation the appellant admitted to violating. The mere reference in an order to a probationer's admission without identifying the violation or offense to which the probationer has admitted does not satisfy the due process requirements recognized in Rule 27.6(f), Ala. R.Crim.P. Such an order, standing alone, does not enable a reviewing court to determine if the revocation of probation " 'rests on permissible grounds.' " See Trice, 707 So.2d at 297, quoting Black v.Romano, 471 U.S. 606, 613-15, 105 S.Ct. 2254, 2259,85 L.Ed.2d 636 (1985).
The probation revocation proceedings were initiated against the appellant based on allegations that he had committed several new offenses while on probation, including possession of marijuana in the first degree and possession of a forged instrument in the second degree. At the revocation hearing, the appellant's counsel stated, "We would admit to charge number one." (R. 4.) Charge number one in the delinquency petition filed by the appellant's probation officer alleged that the appellant had violated a condition of his probation by committing the new offense of possession of marijuana in the first degree and that the appellant had in fact been convicted of that offense. However, while it would seem that the reason for the trial court's revocation of the appellant's probation can therefore be gleaned from reading the transcript of the revocation hearing in conjunction with other portions of the record, this court is required to follow the holding of the Alabama Supreme Court in Wyatt, 608 So.2d 762. In Wyatt, the Supreme Court mandated that the trial court issue a written order stating the reasons for revoking probation and the evidence it relied upon, even where "the transcript of the proceeding, coupled *Page 447 
with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation."Id. at 763. Thus, it is necessary to remand this case for a written recitation by the trial court of its reasons for revoking the appellant's probation.
The appellant also claims that the trial court failed to comply with the requirements of Rule 27.6(c), Ala.R.Crim.P., before accepting his admission that he violated a condition of his probation. However, because the appellant failed to present this claim to the trial court, it is not preserved for appellate review. Trice, 707 So.2d at 297; and Taylor v. State,600 So.2d 1080, 1081 (Ala.Cr.App. 1992).
For the reasons stated above, this case is remanded to the trial court with directions that that court produce a written recitation of its reasons for revoking the appellant's probation. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the reporter of decisions: On May 29, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.