BASCHAB, Judge.
The appellant, Brenda K McCray, pled guilty to possession of a forged instrument, and was sentenced to three years imprisonment.' The sentence was suspended, and she was placed on probation for three years. A delinquent probationer’s report, that alleged the commission of new offenses, including shoplifting, was filed against the appellant on August 6, 1997. At her probation revocation hearing, the appellant admitted shoplifting and the trial court revoked her probation. This appeal followed.
The appellant argues that the trial court’s revocation order did not satisfy due process requirements because it did not state the evidence the trial .court relied upon in revoking her probation. We agree.
To satisfy a probationer’s due process rights in a probation revocation proceeding, there must be “ ‘ “a written statement by the factfinders as to the evidence relied on and reasons for revoking ['probation or] parole.” Morrissey v. Brewer, [408 U.S. 471] at 489, 92 S.Ct. [2593] at 2604[, 33 L.Ed.2d 484 (1972) ].’ ” Henry v. State, 675 So.2d 45, 47 (Ala.Cr.App.1995) (quoting Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 1761-62, 36 L.Ed.2d 656 (1973)). This court, in Trice v. State, 707 So.2d 294 (Ala.Cr.App.1997), recently addressed the sufficiency of the written order when the probationer has admitted the probation violations. In Trice, we held that “a written order revoking probation is sufficient when it recites that the probationer’s confession is the evidence relied upon and recites sufficient reasons for revocation.” 707 So.2d at 297 (emphasis added).
The trial court’s revocation order stated, “Defendant] having committed shoplifting while on probation, probation revoked.” (R. at 2.) The trial court did not state in this order that it relied upon the appellant’s confession nor did it state any other evidence it relied upon in revoking her probation. Therefore, we reluctantly remand this case to the trial court for a written order stating the evidence relied upon in revoking the appellant’s probation. Again, we urge the Alabama Supreme Court to revisit its holding requiring a separate written order setting forth the evidence relied upon in revoking probation when there is a statement of the evidence relied upon in the record of the revocation proceedings. See Trice, 707 So.2d at 297.
• Based on the foregoing, we remand this case for the trial court to issue a written order in accordance with this opinion. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court.
REMANDED WITH DIRECTIONS. *
All judges concur.

 Note from the reporter of decisions: On May 8, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.