Edward Lee Frith appeals from the circuit court's judgment revoking his probation. He rises three issues on appeal.
Frith's claim that his counsel was ineffective is not preserved for our review. In order for a claim of ineffective assistance of counsel to be properly preserved for review on direct appeal, it must be presented in a motion for a new trial before the 30-day jurisdictional time limit for new trial motions set by Rule 24.1(b), Ala. R. Crim. P., expires. Ex parte Ingram,675 So.2d 863 (Ala. 1996). Frith's probation revocation hearing was held on December 18, 2997, and apparently appointed counsel withdrew shortly following that hearing. On December 22, 1997, new counsel was appointed to represent Frith on appeal. The certificate of completion and transmittal of the record on appeal by the *Page 353 
trial clerk was not filed until January 20, 1998, two days after the 30-day time limit had expired. In Ingram, the Alabama Supreme Court held that "[w]hen a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala. R. Crim. P., petition for post-conviction relief." 675 So.2d at 866.
However, we point out that it appears from the record before us that Frith was not entitled to counsel at his probation hearing and that, therefore, any claim of ineffective assistance of counsel would be without merit. At the revocation hearing, Frith admitted that he had violated the terms his probation. InCoon v. State, 675 So.2d 94 (Ala.Crim.App. 1995), this court held that a probationer is not automatically entitled to counsel. We stated that,
"This imposition of a qualified right to counsel in probation revocation proceedings, as set forth in Gagnon [v. Scarpelli,411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)], was incorporated into Rule 27.6(b), Ala. R. Crim. P., which states:
 "`The probationer is entitled to be present at the hearing and to be represented by counsel. Counsel will be appointed to represent an indigent probationer upon request:
 "`(1) If the probationer makes a colorable claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or
 "`(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present.'"
Id. at 97. See Byrd v. State, 717 So.2d 874 (Ala.Cr.App. 1998). Frith openly admitted that he violated the terms of his probation. Furthermore, there is nothing in the record to support a finding that there were substantial reasons to justify or mitigate the violation.
Frith's claim that the trial court failed to follow the requirements of Rule 27.6(c), Ala. R. Crim. P., before accepting his admission that he violated his probation is not preserved for our review. Frith failed to present this claim to the trial court. See Trice v. State, 707 So.2d 294 (Ala.Crim.App. 1997); and Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992).
Frith's claim that the evidence was insufficient to revoke his probation is, likewise, not preserved for our review. Trice;Taylor.
Frith's final claim, that the trial court erred by not making a written statement of, or stating for the record, the reasons for revoking probation and the evidence relied upon as required by
Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972), and Gagnon v. Scarpeli, 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656 (1973), and as recognized in Rule 27.6(f), Ala. R. Crim. P., has merit. See Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975); and Wyatt v. State, 608 So.2d 762 (Ala. 1992). We review this issue pursuant to the Alabama Supreme court's holding in Ex parte Helton, 578 So.2d 1379 (Ala. 1990), that due process at probation revocation hearings does not have to be preserved to merit appellate review. See also Chasteen v. State,652 So.2d 319 (Ala.Crim.App. 1994). In this case, as in the recent case of Springfield v. State, 717 So.2d 445
(Ala.Crim.App. 1998), the only written order memorializing the trial court's section appears on the case action summary sheet. It stated, in pertinent part: "Based upon the defendant's confession of the truthfulness of the allegations contained in the Petition to Revoke, the court hereby revokes the defendant's probation."
 "In Trice v. State, 707 So.2d 294 (Ala.Cr.App. 1997), we held that `a written order revoking probation is sufficient when it recites that the probationer's confession is the evidence relied upon and recites sufficient reasons for the revocation.' Trice, *Page 354 
707 so.2d at 297 (emphasis added). Here, although the trial court's written order is adequate to the extent that it recites what evidence the court relied upon to revoke the appellant's probation — i.e., `[the appellant's confession]' — the order is insufficient because it fails to recite the reason for the revocation; i.e., it does not set forth what term or condition of probation the appellant admitted to violating. The mere reference in an order to a probationer's admitted does not satisfy the due process requirements recognized in rule 27.6(f), Ala. R. Crim. P. Such an order, standing alone, does not enable a reviewing court to determine if the revocation of probation `"rests on permissible grounds."' See Trice, 707 So.2d at 297, quoting Black v. Romano, 471 U.S. 606, 613-15, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985)."
Id., 717 So.2d at 446.
Although we can surmise from the record the reasons for revoking Frith's probation revocation,
 "this court is required to follow the holding of the Alabama Supreme Court in Wyatt, 608 So.2d 762. In Wyatt, the Supreme Court mandated that the trial court issue a written order stating the reasons for revoking probation and the evidence it relied upon, even where `the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation.' Id. at 763."
Id. 717 So.2d at 446-47.
Thus, we remand this case to the circuit court for that court to file a written statement of the evidence relied upon in revoking the appellant's probation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 42 days of the release of this opinion.
The foregoing opinion was prepared by Retired appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REMANDED WITH DIRECTIONS.
LONG, P.J., and McMILLAN, COBB, and BROWN, JJ., concur.
BASCHAB, J., recuses herself.
 On Return to Remand
On August 14, 1998, we remanded this case to the circuit court with instructions that that court enter a written statement detailing its reasons for revoking Edward Lee Frith's probation, as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975), and Rule 27.6(f), Ala.R.Crim.P. The circuit court has filed a return to our remand, which shows that it has fully complied with our instructions. The circuit court revoked Firth's probation because the evidence showed that "the defendant violated his probation by failing to avoid injurious habits as shown by a positive drug screen test on 7/14/98." This statement of the reasons for revoking Frith's probation meets the requirements of Armstrong.
Frith's remaining issues are not preserved for review.
The circuit court's judgment is due to be, and it is hereby, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
LONG, P.J., and McMILLAN, COBB, and BROWN, JJ., concur.
BASCHAB, J., recuses. *Page 355