McMILLAN, Judge.
The appellant, Bradley Webster Newell, appeals from the order of the trial court revoking his probation. Newell states that he was convicted of manslaughter, rape in the second degree, and criminal mischief in the first degree.[1] He further states that the trial court sentenced him to concurrent *1246 sentences of 10 years’ imprisonment; split, and he was ordered to serve 2 years and placed on probation for 5 years. On July 10, 1997, Newell was placed on probation.[2] On March 21, 2000, the trial court issued a written order of revocation; its findings included the following:
“The defendant and his attorney appeared before the Court for a probation revocation hearing on March 17, 2000, and announced that the defendant did not require an evidentiary hearing on the pending charges.[3] Now, therefore, upon consideration of the Supervisor’s Report on Delinquent Probationer, the Court hereby finds that the defendant violated the terms and conditions of his probation in that he pled guilty in the Muscle Shoals Municipal Court on January 13, 2000, to the offense of Possession of Marijuana Second Degree.”
The appellant asks this court to remand his case to the trial court, so that that court can enter a written order that adequately specifies the evidence upon which it relied. He argues that the court’s initial order specifically referred to the probation officer’s report, which, he argues, was hearsay. He further argues that hearsay evidence cannot form the sole basis for revoking probation.
The State also asks this court to remand the case to the trial court. The State notes that the written order is sufficient under Trice v. State, 707 So.2d 294 (Ala.Crim.App.1997), but argues that the record is insufficient to support the order because it contains no documentary evidence of Newell’s guilty plea, the probation officer’s report, or Newell’s voluntary waiver of a revocation hearing.
Based on the record, this cause is due to be, and it is hereby, remanded to the trial court. On remand, the court is instructed to complete the following actions: (1) Enter a written order which fully complies with the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); (2) supplement the record to include the evidence upon which the judge relied in revoking Newell’s probation; (3) supplement the record to include Newell’s waiver of a revocation hearing; and (4) supplement the record to clearly reflect the convictions and terms of probation to which the order applies. A return should be filed with this court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.

. On August 28, 1998, Newell’s probation in cases no. CC-95-101, no. CC-95-158, and no. CC-95-159 was revoked, based on charges that he had committed two new offenses of sexual abuse in the first degree. On September 3, 1999, after Newell was found not guilty of the new offenses, the trial court ordered his parole reinstated.

. The court reporter states in an affidavit that she took no testimony in the revocation proceeding.

. Newell listed these three convictions on the docketing statement he filed with his appeals in this court. The only other information concerning the underlying convictions are case action summary sheets which indicate that, on June 14, 1995, the appellant pleaded guilty in case no. CC-95-101 to manslaughter and hindering prosecution, that he was sentenced to 10 years' imprisonment, and that he was granted probation. No information concerning the convictions in cases no. CC-95-158 and no. CC-95-159 appears in the record filed with this court.