COBB, Judge.
David Lee Bowden appeals from the circuit court’s revocation of his probation. He argues, and the attorney general agrees, that the the circuit court did not enter a written order setting forth the reasons for the revocation and the evidence it relied on. The record reflects that the circuit court did not enter a sufficient written order, and we now remand this cause for the trial court to enter a proper order.
On October 6, 1995, Bowden was convicted, following a guilty plea, of second-degree assault; he was sentenced to nine years’ imprisonment. The trial court later imposed a term of probation. On September 16, 1999, Bowden’s probation officer filed a delinquency report, alleging that Bowden had violated a condition of his probation by being arrested and charged with the unlawful distribution of a controlled substance. At a February 2, 2000, hearing on this matter, the State offered certified copies of Bowden’s conviction on the unlawful distribution charge. The trial court found that Bowden had violated a condition of his probation, but continued disposition pending the outcome of his appeal of the distribution charge. On May 19, 2000, the probation officer supplemented the delinquency report alleging that Bowden had again violated a condition of his probation by being arrested and charged with menacing.
On May 30, 2000, the trial court entered the following notation on the case action summary. “Defendant’s probation revoked on disposition and defendant ordered to serve his sentence.” (C. 4.)
“ ‘In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.’ Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997). ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App.1994).”
*1110 Chenault v. State, 111 So.2d 314, 316-17 (Ala.Crim.App.2000).
The trial court failed to provide a written order setting forth the reasons for revoking Bowden’s probation or the evidence relied on to revoke the probation in accordance with the foregoing authorities. We therefore remand this cause to the trial court with directions that it provide a written statement of the reasons for the revocation and the evidence relied on in revoking the probation. This written statement shall be filed with this Court within 30 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, PA., and BASCHAB, SHAW, and WISE, JJ„ concur.

 Note from the reporter of decisions: On May 18, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion.