Donnie Ray Naves appeals from the revocation of his probation. Naves pleaded guilty on January 17, 1997, to robbery in the third degree. The court sentenced Naves, as a habitual felony offender, to 15 years in prison; the sentence was split, and Naves was ordered to serve 3 years in prison and was placed on probation for 5 years.
On February 1, 2001, the State filed a motion to revoke Naves's probation. The motion was set for a hearing on February 16, 2001. The trial judge revoked Naves's probation; Naves now appeals from the circuit court's order revoking his probation.
On appeal, Naves contends that the State did not submit sufficient substantive evidence to reasonably satisfy the trial judge that Naves had breached a condition of his probation. Naves also argues that the order revoking his probation was insufficient because it did not state that the court was reasonably satisfied that Naves had breached a condition of his probation, nor did it identify which condition of probation Naves had allegedly violated. We agree that the trial court's order revoking probation is not sufficient, and we remand this case for further proceedings.
Naves claims that the written order did not comply with due-process requirements because, he says, it did not identify which condition of probation that he had breached and its entry in the record was deficient. Naves raises this issue for the first time on appeal. The general rules of preservation apply to probation revocation proceedings. Puckett v.State, 680 So.2d 980, 983 (Ala.Crim.App. 1996), citing Taylor v. State,600 So.2d 1080, 1081 (Ala.Crim.App. 1992). However, the question of the adequacy of a written revocation order can be raised for the first time on appeal. Owen v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). In this case, the written order stated, in pertinent part:
 "Testimony received on record and court finds the defendant participated in stealing items from his employer and attempted to sell them to another vendor. Defendant committed these acts while on probation. Defendant's alibi testimony is found not to be credible."
(C.R. 5.)
Before it can revoke a defendant's probation, a trial court must provide a written order stating the evidence and the reasons relied on for the revocation. Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App. 1997), citing Gagnon v. Scarpelli, 411 U.S. 778 (1973), Armstrong v. State, *Page 1074 312 So.2d 620 (Ala. 1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992).
In Trice, we held that "a written order revoking probation is sufficient when it recites that the probationer's confession is the evidence relied upon and recites sufficient reasons for the revocation."Trice, 707 So.2d at 297. Here, the trial court's written order states the reasons for revoking Naves's probation, but the order does not recite what evidence the court relied upon to revoke the appellant's probation. The mere reference in an order to "[t]estimony received on record" does not satisfy the due-process requirements recognized in Rule 27.6(f), Ala.R.Crim.P., for stating the evidence relied upon.
The probation revocation proceedings were initiated against the appellant based on allegations that he had committed a new offense while on probation, namely theft of property in the second degree. While it would seem that the evidence on which the trial court based its revocation of the appellant's probation can be gleaned from reading the transcript of the revocation hearing in conjunction with other portions of the record, this Court is required to follow the holding of the Alabama Supreme Court in Wyatt v. State, 608 So.2d 762 (Ala. 1992). InWyatt, the Supreme Court mandated that the trial court issue a written order stating the reasons for revoking probation and the evidence it relied upon, even where "the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation." Id. at 763. See alsoSpringfield v. State, 717 So.2d 445 (Ala.Crim.App. 1998). Because we are bound by the Supreme Court's holdings, we are compelled to hold that the trial court's written order in this case is insufficient. The trial court did not adequately state the evidence it relied upon for the revocation, and we must remand the cause so that that court can specify the evidence on which it relied.[1]
The record reflects that Naves's claim that the evidence was insufficient to support his conviction is being raised for the first time on appeal. He did not assert this claim in the trial court; thus, it has not been preserved for appellate review. King v. State, 677 So.2d 1278,1278-79 (Ala.Crim.App. 1996); Taylor v. State, 600 So.2d 1080
(Ala.Crim.App. 1992); Stallworth v. State, 690 So.2d 551, 553
(Ala.Crim.App. 1997).
We remand this cause to the trial court with directions that it amend its revocation order to include a written statement of the evidence relied upon in revoking Naves's probation. A copy of the trial court's statement shall be returned to this Court within 42 days of the release of this opinion. *Page 1075 
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Shaw and Wise, JJ., concur; Baschab, J., dissents, without opinion.
[1] In Trice v. State, 707 So.2d 294, 299 (Ala.Crim.App. 1997), this Court urged the Alabama Supreme Court "to modify its present requirement that a separate written order be entered when a transcript of the revocation hearing is available." We again urge the Alabama Supreme Court to reconsider its holding in Armstrong. We note, further, that when a circuit court summarily denied a capital murder defendant's Rule 32, Ala.R.Crim.P., petition without a written order, the Alabama Supreme Court stated:
 "The materials in the record are sufficient for us to discern the basis for the trial court's order dismissing the petition and to make determinations concerning the proceedings below. . . . Thus, to remand for a written order is unnecessary and would be a waste of judicial resources."
Ex parte MacEwan, [Ms. 1992219, July 20, 2001] (Ala. 2001). That same analysis could be applied in this situation.