COBB, Judge,
concurring specially.
I recognize that this Court must follow the holding of the Alabama Supreme Court in Wyatt v. State, 608 So.2d 762 (Ala.1992), which requires the circuit court to provide a probationer with a written order stating the evidence and the reasons relied upon in revoking probation. The rationale for this requirement is not only to afford the probationer due process but also to “ ‘offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ ” Williams v. State, 895 So.2d 1012 (Ala.Crim.App.2004)(quoting, T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App.1994)).. I agree that probationers should be assured these protections.
However, I write specially because I believe that the revocation' of Hill’s probation could be affirmed based on the record for the reasons expressed by this Court in Trice v. State, 707 So.2d 294 (Ala.Crim.App.1997). In Trice, this Court stated that “[bjecause revocation proceedings can be transcribed, the goal of providing a basis for evaluating the revocation hearing and the ultimate decision is. accomplished by a sufficient pronouncement on the record without requiring the circuit court to reproduce its ruling in a separate written order.” Trice v. State, 707 So.2d at 298-99.
In the instant case, the record reflects that Hill did not dispute that he had failed to comply with the terms of his probation requiring that he report to his probation officer and pay court-ordered moneys. To the contrary, the record reflects that Hill acquiesced to those accusations.
In its written order, the trial court stated, in pertinent part:
“After considering the evidence at. this hearing, this Court is reasonably, satisfied that the underlying charges against [Hill] are true as stated in the petition filed by the State of Alabama .and in the report filed by the State Probation Officer, Tom Hurley, as follows: [Hill] has failed to comply with the terms of his probation in that he has failed to pay as Ordered; Violation of Condition No. 4— Failure to Report as Directed; Violation of Condition No. 12—Failure to Pay Supervision Fee; Violation, of Condition No. 15—Failure to Pay Court-Ordered Financial Obligations.
“It is, therefore, the opinion of the Court that the probationary status of [Hill] be revoked.”
(C. 1.) At the conclusion of .the revocation hearing the trial court stated:
“THE COURT: But to go through all of-this and to get to where we are at this point in time and try to now go back and explain these gaps when you have an order to comply, I mean, I’m going to *1146 have to ■ understand what [the district ■attorney] says. I mean-,, sure, it’s easy to explain it two years later, but if I’ve got two hundred that I owe and I’ve got a reporting requirement and I don’t meet it, I better be- telling somebody about it. I mean, the responsibility of how you’ve handled this is bad. You know, you have got to work out arrangements during the course of all this in order to get some type of blessing on working differently, but to get to the end of all this and now say, Judge, you know — -I mean, we’ve got $81,000 that we owe. You’ve paid four hundred and something dollars. You’ve got other incarcerations, which is certainly not an excuse for this. You’ve had a wreck, which I respect, but we’re not handling anything appropriately. I mean, you’ve got a sentence that’s suspended based on everybody agreeing that you be on probation under certain very fair terms.
[[Image here]]
“... But we don’t do it, and we don’t explain it and we don’t do anything until the end of it: That’s what concerns me.
[[Image here]]
“... I’m going to order you revoked. It’s unfortunate, but I’m going to order you revoked.”
(R. 7 — 10.)
Here, I do not believe that Hill was deprived of due process because the record reflects that Hill was sufficiently apprised of the reasons and the evidence relied on to revoke his probation. Likewise, the simplicity of the charges and facts created no hindrance in reviewing the record; it is clear that there was no abuse of discretion by the trial court, and the order is sufficiently specific to prevent future revocations based on the' same conduct.' I believe that it is a waste of judicial resources to remand this case for additional written findings when the record complies with Rule 27.6(f), Ala. R.Crim. P. (“The judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.”)(emphasis added), and additionally I believe that it is a waste of judicial resources to remand this case because the record clearly supports the findings contained in the trial court’s revocation order.